FILED

11/18/2020

FILED Bowen Greenwood
09/29/2020 THE SUPREME COURT
STATE OF MONTANA
Commission on Pracitce
of the Supreme Court: PR 20-0039
State of Montana

EDMUND F. SHEEHY, JR.
Office of the State Public Defender
Conflict Defender Division
211 N. Higgins Ave., Ste. 401
Missoula, MT 59802
(406) 329-1640
esheehv@mt.gov

Attorney for Respondent

FILED

NOV 18 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

* * * * * * * * * * * *

| | |
|---|---|
| IN THE MATTER OF PATRICK SANDEFUR, ) | Supreme Court No. 20-0039 |
| ) | |
| An Attorney at Law, ) | ODC File Nos. 19-078 |
| ) | |
| Respondent. ) | **CONDITIONAL ADMISSION AND** |
| ) | **AFFIDAVIT OF CONSENT** |
| ) | |

STATE OF MONTANA )
: ss.
COUNTY OF MISSOULA )

Patrick Sandefur, being first duly sworn upon oath deposes and affirms as follows:

1.      I am the respondent. I tender my conditional admission and make this affidavit of consent pursuant to Rule 26, Montana Rules for Lawyer Disciplinary Enforcement (2018), in exchange for the stated forms of discipline.

2.      I am a lawyer against whom a formal complaint has been filed alleging ethical misconduct. I am informed and aware of the allegations against me and understand that, if those allegations are proved by clear and convincing evidence, there exist grounds for discipline against me.

3.      I present this affidavit of consent and my tendered admission to an Adjudicatory Panel of the Commission on Practice in exchange for the form of discipline described below. If

*CONDITIONAL ADMISSION AND AFFIDAVIT OF CONSENT* - Page 1

.11

the Commission on Practice approves my tendered admission, I acknowledge my tendered admission is subject to acceptance or rejection by the Montana Supreme Court. If my conditional admission is rejected by either the Commission on Practice or the Supreme Court, then I understand my admission shall be deemed withdrawn and cannot be used against me in this or any subsequent proceeding.

4. My consent to discipline is freely and voluntarily tendered. I am not subject to coercion or duress of any kind. I am fully aware of the implications of submitting my conditional admission and affidavit of consent.

5. Consistent with the foregoing, I admit all the allegations in the complaint are true, specifically:

A. I was admitted to the practice of law in the State of Montana in 1997, at which time I took the oath required for admission, wherein I agreed to abide by the Rules of Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

B. I was appointed to represent the three defendants in the underlying complaints.

C. During the time period of July through September, 2019, ODC received grievances from each of the defendants alleging I engaged in unethical conduct while representing them. The grievances were docketed as ODC File Nos. 19-075, 19-076, and 19-102.

D. ODC sent the grievances to me in August (19-075 and 19-076) and October 2019 (19-102(, requesting responses to each. I did not respond.

E. ODC sent second notices of the grievances in September and November, respectively, which were received at my office, again requesting responses.

F.     In a phone conversation with ODC on October 2, 2019, I was granted an extension to October 11, 2019 to provide my responses in 19-075 and 19-076.

G.     ODC emailed me on October 28, 2019, reminding me of the missed deadline and the pending deadline for 19-102. By return email that same day, I advised I had been "working diligently" to answer the grievances and would have them mailed and emailed that day. I did not do so.

H.     Despite ODC filing a formal complaint and continued requests by ODC for my response, through my attorney, I did not file my responses to the three grievances until late August 2020.

I.     While not charged in the January 15, 2020 Complaint, I admit I violated Rule 8.1(a), MRPC, by knowingly making a false statement when I advised ODC on October 28, 2019 that the responses would be mailed and emailed that day.

J.     As charged in the Complaint, by my conduct outlined above, I admit I repeatedly violated Rule 8.1(b), MRPC, for failing to promptly and diligently respond to ODC's inquiries.

K.     I admit I appeared before the Commission on Practice in July 2019 for a Rule 24, MRLDE, Order to Show Cause hearing for my failure to respond to a prior grievance.

6.     I tender my admissions in exchange for the following forms of discipline:

A.     An admonition by the Commission on Practice to be delivered in writing or orally, at the Commission's discretion.

B.     I understand ODC will advocate for imposition of a 30-day suspension from the practice of law. I will advocate for a lesser sanction.

C.     I further acknowledge the Commission's decision to impose discipline is final unless, within ten days of the Commission's decision, the responding lawyer, ODC,

or a member of the public files a petition with the Clerk of the Supreme Court asking the Court to review the decision.

D. I agree to the payment of costs incurred by ODC and the Commission on Practice in connection with this matter.

DATED this 28th day of September 2020.

Patrick Sandefur

STATE OF MONTANA )
                 ):ss
COUNTY OF MISSOULA )

This instrument was SIGNED AND SWORN TO before me on this 28th day of September 2020 by PATRICK SANDEFUR.

J INGRAHAM
NOTARY PUBLIC for the
State of Montana
Residing at Missoula, MT
My Commission Expires
January 31, 2024.

Notary Public for the State of Montana

RESPECTFULLY SUBMITTED this ___ day of _____ 2020.

Edmund Sheehy, Attorney for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of September, 2020, I served a copy of the foregoing document on ODC by emailing a copy to Pamela D. Bucy, Chief Disciplinary Counsel at: pbucy@montanaodc.org.

Edmund Sheehy